Henry Mauricio GOMEZ–CASTANO,
Petitioner,

v.

DEPARTMENT OF HOMELAND SE-
CURITY, United States Citizenship
and Immigration Service, Respon-
dents.

No. 04–4962–ag.

United States Court of Appeals,
Second Circuit.

March 29, 2007.

Victor Schurr, Law Office of Victor Schurr, Pelham, NY, for Petitioner.

Lauren Fascett, Department of Homeland Security, for Respondent.

Present: Hon. ROSEMARY S. POOLER, Hon. REENA RAGGI, Circuit Judges, Hon. COLLEEN McMAHON,* District Judge.

## SUMMARY ORDER

Petitioner Henry Mauricio Gomez–Castano, a native and citizen of Colombia, seeks review of an August 20, 2004 order of the BIA affirming the January 29, 2002 decision of Immigration Judge ("IJ") William F. Jankun, which denied petitioner's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Henry Mauricio Gomez–Castano*, No. A 78 719 917 (B.I.A. Aug. 20, 2004), *aff'g* No. A 78 719 917 (Immig. Ct. N.Y. City Jan. 29, 2002). We assume the parties' familiarity with the facts and proceedings below.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, as here, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). The Court reviews the agency's factual findings under the substantial evidence standard and legal issues de novo. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003); *see also* 8 U.S.C. § 1252(b)(4)(B).

We deny review of petitioner's asylum and withholding of removal claims because we see no error in the BIA's conclusion that petitioner failed to prove that he suffered past persecution, or that he has a well-founded fear of future persecution, on account of any of the grounds enumerated in 8 U.S.C. § 1101(a)(42): race, religion, nationality, membership in a particular social group, or political opinion.

Gomez–Castano, a former member of a local police force in Colombia, testified that both he and his wife were threatened with death and mutilation, and his daughters were threatened with rape, after petitioner refused to assist anti-government guerilla groups and drug dealers who were operating in the municipalities where he worked. He did not report these threats to his superiors. Instead, Petitioner left his job with the police. Two years later, he emigrated to the United States, leaving his wife and daughters behind. There is no evidence in the record that any of the threats were ever carried out, or that any harm befell petitioner or any member of his family.

The IJ and the BIA determined that petitioner had failed to prove that he had suffered past persecution. Petitioner did not challenge this finding on appeal, and absent manifest injustice, we are barred from considering the issue. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005); *Armstrong ex rel. Armstrong v. Brookdale Univ. Hosp. & Med. Ctr.*, 425 F.3d 126, 136–37 (2d Cir.2005) (articulating the "manifest injustice" exception to the usual rule of waiver). Under the circumstances, we conclude that no manifest injustice would result from our failure to review this finding. Moreover, even if we were to review the BIA's finding of no past persecution, Gomez–Castano has not demonstrated any nexus between the threats to him and his family and any of the five statutorily enumerated grounds that must be present before the BIA can grant an application for asylum under 8 U.S.C. § 1101(a)(42) or withholding of removal under 8 U.S.C. § 1231(b)(3). *See*

---

* The Honorable Colleen McMahon, United States District Judge for the Southern District of New York, sitting by designation.

*INS v. Elias–Zacarias,* 502 U.S. 478, 482–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Petitioner's argument that his prior status as a police officer, without more, supports a finding that he has suffered past persecution or has a well-founded fear or future persecution on the ground of membership in a particular social group has been repeatedly rejected by the BIA and the courts. *In re Fuentes,* 19 I. & N. Dec. 658, 660 (B.I.A.1988); *Cruz–Navarro v. INS,* 232 F.3d 1024, 1028–29 (9th Cir. 2000). Petitioner has not identified anything other than the fact that threats were made against him that would serve as the necessary additional element. However, petitioner testified that the reason why he did not report the threats to his superiors was because being threatened was simply part of a policeman's life. Thus, petitioner's own testimony refutes any suggestion that he is relying on anything more than his job status to support his claim.

Nor does petitioner's occupation give rise to any necessary implication that he was being threatened because of his political beliefs. *See Estrada–Escobar v. Ashcroft,* 376 F.3d 1042, 1047 (10th Cir.2004); *Cruz–Navarro,* 232 F.3d at 1030. No evidence in the record, and especially nothing in petitioner's testimony about why he received threats, contradicts or undermines the IJ's conclusion that, "[R]espondent has not established that the guerrillas either attributed any political opinion to him or had any interest in inflicting harm upon him based upon that opinion or any other ground enumerated in the Act."

However, we vacate and remand for reconsideration of petitioner's CAT claim because we cannot be sure that either the BIA or the IJ properly analyzed whether any threat of torture Gomez–Castano might face on his return would be with the "acquiescence" of the Colombian Government. The agency supported its determination that petitioner failed to establish "acquiescence" by citing only one case—*Matter of S–V–,* 22 I. & N. Dec. 1306 (B.I.A.2000)—which was repudiated in *Khouzam v. Ashcroft,* 361 F.3d 161 (2d Cir.2004). In *Khouzam,* this court held that acquiescence in torture can be established by a showing of either knowledge or "willful blindness" on the part of government officials. *Id.* at 171. We recognize that the record contains no evidence that government officials in Colombia actually knew about the threats to petitioner; and Gomez–Castano's argument on appeal is that the government is unable or unwilling to control the guerrilla groups and drug cartels, not that it is "willfully blind" to their actions. Nonetheless, the BIA's reliance on the older case makes it difficult for us to discern whether the agency applied the proper legal standard in analyzing the record. On remand, the BIA should discuss the record evidence in light of *Khouzam.*

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED and the case is REMANDED for further proceedings consistent with this decision. Having completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.